TANYA L. GREENE (SBN 267975)
tanya.greene@us.dlapiper.com
DAVID B. FARKAS (SBN 257137)
david.farkas@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400
North Tower, Los Angeles, CA 90067
Telephone 310.595.3000
Facsimile 310.595.3300

JOHN FRANTZ (*pro hac vice* forthcoming)
john.frantz@us.dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone 212.335.4500
Facsimile 212.335.4501

CARLO F. BUSTILLOS (SBN 347318)
**DLA PIPER LLP (US)**
555 Mission Street, Suite 3400
San Francisco, CA 94105-2933

Attorneys for Defendant
SHUTTERFLY, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN NELSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SHUTTERFLY, LLC,<br><br>*Defendant.* | Case No. 3:26-cv-01900-AMO<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT SHUTTERFLY, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER**<br><br>**Hearing Information:**<br>Date:          August 6, 2026<br>Time:         2:00 p.m.<br>Judge:       Hon. Araceli Martínez-Olguín<br>Courtroom:  10<br><br>Complaint Filed: March 4, 2026 |

Pursuant to Federal Rule of Evidence 201, Defendant Shutterfly, LLC ("Shutterfly") submits this Request for Judicial Notice in support of its concurrently filed Motion to Dismiss or, in the alternative, Motion to Transfer (the "Motion").

Shutterfly respectfully requests that the Court take judicial notice of the existence of publicly available government agency reports, websites, and pleadings filed in district courts across the country, as set forth in **Exhibits 1-11**, which are attached to the concurrently filed Declaration of Tanya Greene in support of the Motion ("Greene Decl."). Shutterfly further requests that the Court take judicial notice of their content and the fact that statements contained therein were made, not for the truth of the matters asserted.

## I.    EXHIBITS

1.    **Exhibit 1** is a true and correct copy of a screenshot of a publicly available webpage reflecting a map of the area codes attributable to the state of Michigan, including area code "517," as it appeared on the North American Numbering Plan Administrator's website on April 29, 2026.

2.    **Exhibit 2** is a true and correct copy of a document issued by the Federal Trade Commission ("FTC") in December 2025 titled *Biennial Report to Congress: Under the Do Not Call Registry Fee Extension Act of 2007*.

3.    **Exhibit 3** is a true and correct copy of a document issued by the FTC in December 2009 titled *Biennial Report to Congress: Pursuant to the Do Not Call Registry Fee Extension Act of 2007*.

4.    **Exhibit 4** is a true and correct copy of the complaint filed on February 6, 2026, in the United States District Court for the Eastern District of Michigan, in the following action: *Justin Nelson v. Adwora LLC*, Case No. 2:26-cv-10423-DPH-CI.

5.    **Exhibit 5** is a true and correct copy of the complaint filed on February 11, 2026, in the United States District Court for the Eastern District of Michigan, in the following action: *Justin Nelson v. Omahasteaks.com, LLC*, Case No. 2:26-cv-10481-MFL-KGA.

6.    **Exhibit 6** is a true and correct copy of the complaint filed on March 18, 2026, in the United States District Court for the District of Massachusetts, in the following action: *Justin Nelson v. Whaleco Inc.*, Case No. 1:26-cv-11333-MPK.

7.      **Exhibit 7** is a true and correct copy of the complaint filed on March 31, 2026, in the United States District Court for the Eastern District of Michigan, in the following action: *Justin Nelson et al v. Elite Agency LLC*, Case No. 2:26-cv-11059-RJW-CI.

8.      **Exhibit 8** is a true and correct copy of the complaint filed on April 15, 2026, in the United States District Court for the Northern District of California, in the following action: *Justin Nelson v. Discord, Inc.*, Case No. 3:26-cv-03217-SK.

9.      **Exhibit 9** is a true and correct copy of the complaint filed on April 20, 2026, in the United States District Court for the District of South Carolina, in the following action: *Justin Nelson v. Javy Coffee Company*, Case No. 2:26-cv-01650-RMG.

10.     **Exhibit 10** is a true and correct copy of the complaint filed on January 27, 2026, in the United States District Court for the Eastern District of Michigan, in the following action: *Michele Nelson v. Capital Vision Services, LLC*, Case No. 5:26-cv-10275-JEL-KGA.

11.     **Exhibit 11** is a true and correct copy of the complaint filed on January 30, 2026, in the United States District Court for the Eastern District of Michigan, in the following action: *Michele Nelson v. L J Ross Associates Inc.*, Case No. 2:26-cv-10345-LJM-CI.

## II.    LEGAL STANDARD

Federal Rule 201(b) enables the Court to take judicial notice of facts, at any stage of litigation, that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (A "court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.") (internal quotation marks omitted). Judicial notice is mandatory "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

## III.   ARGUMENT

The Court may take judicial notice of **Exhibits 1-11** and their contents, as described above, for the following reasons:

**A.      The Court Can Take Judicial Notice of Publicly Available Webpages (Exhibit 1-3).**

The Court can take judicial notice of publicly available webpages. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1024 (explaining "publicly available websites" are "[p]roper subjects of judicial notice when ruling on a motion to dismiss"); *In Re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 2020 WL 7664461, at *3-4 (N.D. Cal. Dec. 24, 2020) (explaining that courts "routinely consider" the full contents of webpages); *Lammey v. CBM Two Hotels, L.P*, No. LA CV20-11432 JAK (Ex), 2022 U.S. Dist. LEXIS 251172, at *4 (C.D. Cal. July 8, 2022) ("publicly accessible websites are proper subjects of judicial notice.") Therefore, the Court can take judicial notice of **Exhibit 1**.

Additionally, the Court is not limited to taking judicial notice of just the existence of websites but may also take judicial notice of their contents. *See Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed."); *Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 U.S. Dist. LEXIS 13688, at *11 (N.D. Cal. Mar. 13, 2006) ("The court agrees with the proposition that, as a general matter, websites and their contents may be proper subjects for judicial notice."); *2die4kourt v. Hillair Capital Mgmt., LLC*, No. SACV 16-01304 JVS(DFMx), 2016 U.S. Dist. LEXIS 118211, at *1 n.1 (C.D. Cal. Aug. 23, 2016) ("[T]he Court takes judicial notice of [thirty-four online news articles and social media posts] [] solely for their existence and content, and not for the truth of any statements in the documents."). Therefore, the Court can take judicial notice of the contents of **Exhibits 1-3**, including the fact that area code "517" is assigned to the state of Michigan.

Finally, the contents of the publicly available webpage attached to the Greene Declaration as **Exhibit 1** is "not subject to reasonable dispute" because the court may itself access the website and confirm the accuracy of the exhibit's contents. *See In re Tourism Assessment Fee Litig.*, No. 08CV1796-MMA WMC, 2009 U.S. Dist. LEXIS 133339, at *4-5 (S.D. Cal. Feb. 19, 2009), aff'd, 391 F. App'x 643 (9th Cir. 2010) ("Courts are finding more frequently that in this new technological age, . . . company documents may be judicially noticed insofar as they are available

via the worldwide web . . . The Court was able to access the website and confirm the accuracy of these exhibits' content.") (internal quotation marks removed). The website URL and respective dates and times of access for the screenshot of the publicly available webpage attached to the Greene Declaration as **Exhibit 1** is located at the header or footer of each screenshot.

> **B.     The Court Can Take Judicial Notice of Public Records and Government Documents Posted on The Internet (Exhibits 2-3).**

The Court can take judicial notice of "public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014) (collecting cases); *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670, 2008 U.S. Dist. LEXIS 69542, 2008 WL 4183981, *5 (N.D. Cal. Sept. 8, 2008) ("Information on government agency websites [] [have] often been treated as proper subjects for judicial notice.")

Here, **Exhibits 2-3** to the Greene Declaration are official reports published by the Federal Trade Commission ("FTC")—the agency statutorily charged under 15 U.S.C. § 6155(b) with maintaining the National Do-Not-Call Registry and periodically removing disconnected and reassigned telephone numbers from it. These reports are publicly available on the FTC's website and describe how the FTC's own registry maintenance process functions, including its limitations with respect to reassigned wireless telephone numbers.

Shutterfly requests that the Court take judicial notice of the following facts established by the FTC's own reports: (a) the FTC's process for identifying and removing disconnected and reassigned telephone numbers from the National Do-Not-Call Registry captures only numbers disconnected and reconnected to a different account holder at a different address; (b) the FTC's process for identifying and removing disconnected and reassigned telephone numbers from the National Do-Not-Call Registry "ensures that numbers that have been ported are not removed"; and (c) the FTC's process for identifying and removing disconnected and reassigned telephone numbers from the National Do-Not-Call Registry does not reliably capture wireless numbers reassigned through standard carrier processes. These descriptions appear in official, publicly available reports issued by the administering agency itself and are not subject to reasonable

dispute as to what the FTC has represented about the operation of its own systems.

Each of these facts is relevant to the Motion insofar as they support Shutterfly's position that Plaintiff fails to state a claim and lacks Article III standing, including because the FTC's process did not permit Plaintiff to personally register the telephone number at issue on the National Do-Not-Call Registry. Therefore, **Exhibits 2-3** to the Greene Declaration, and the foregoing facts, are the proper subjects of judicial notice.

### C. The Court Can Take Judicial Notice of Relevant Pleadings Filed in Federal Courts Across the Country by and on Behalf of Plaintiff (Exhibits 4-11).

The putative class action complaints filed by Plaintiff's counsel, on behalf of Plaintiff and his spouse, Michele Nelson, are the proper subjects of judicial notice. This is because pleadings publicly filed in federal courts are not subject to reasonable dispute and highly relevant to the determination of the Motion and this action more generally. See *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court may take judicial notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

Here, these pleadings are relevant because they contain party admissions by Plaintiff and his wife (likely the real party in interest) establishing that the telephone number at issue belongs to Mrs. Nelson—not Plaintiff—thereby undermining both Plaintiff's claim that he "received" the text messages as required by 47 U.S.C. § 227(c)(5) and his assertion of Article III standing; they reveal a pattern of coordinated TCPA litigation by Plaintiff and his wife involving the same telephone number across multiple jurisdictions, which is probative of forum shopping; and they demonstrate that several related actions are already pending in the Eastern District of Michigan, supporting transfer under 28 U.S.C. § 1404(a) in the interest of judicial efficiency and consistency. Thus, **Exhibits 4-11** to the Greene Declaration, and their respective contents, are the proper subjects of judicial notice.

-6-

## IV.   CONCLUSION

For the foregoing reasons, Shutterfly respectfully requests that the Court take judicial notice of **Exhibits 1-11**, and their contents, that are attached to the Greene Declaration.

Dated: May 6, 2026                **DLA PIPER LLP (US)**

By: */s/ Tanya L. Greene*
TANYA L. GREENE
JOHN FRANTZ*
DAVID B. FARKAS
CARLO F. BUSTILLOS

*Attorneys for Defendant*
*SHUTTERFLY, LLC*

**Pro hac vice* forthcoming