TANYA L. GREENE (SBN 267975)
tanya.greene@us.dlapiper.com
DAVID B. FARKAS (SBN 257137)
david.farkas@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400
North Tower, Los Angeles, CA 90067
Telephone 310.595.3000
Facsimile 310.595.3300

JOHN FRANTZ (*pro hac vice*)
john.frantz@us.dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone 212.335.4500
Facsimile 212.335.4501

CARLO F. BUSTILLOS (SBN 347318)
**DLA PIPER LLP (US)**
555 Mission Street, Suite 3400
San Francisco, CA 94105-2933
Tel.: 415.836.2500
Fax: 415.836.2501

Attorneys for Defendant
SHUTTERFLY, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN NELSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SHUTTERFLY, LLC,<br><br>*Defendant*. | Case No. 4:26-cv-01900-AMO<br><br>**DEFENDANT SHUTTERFLY, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) OR, IN THE ALTERNATIVE, MOTION TO TRANSFER**<br><br><u>**Hearing Information:**</u><br>Date:          August 6, 2026<br>Time:          2:00 p.m.<br>Judge:        Hon. Araceli Martínez-Olguín<br>Courtroom:  3<br><br>Complaint Filed: March 4, 2026 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION.................................................................................................................1

II.   ARGUMENT ....................................................................................................................2

      A.    The Opposition Concedes that Plaintiff Has Failed to State a Claim. ...................2

      B.    Plaintiff Lacks Standing, and the Court Should Not Extend Precedents Aimed at
            Protecting Privacy Interests to Cover the Nelsons' Bad Faith. .............................4

      C.    Plaintiff Did Not Adequately Plead Registration of the Phone Number...............5

      D.    Text Messages Are Not Telephone Calls Under Section 227(c)(5).......................6

      E.    If the Court Does Not Dismiss, This Action Should Be Transferred.....................7

            1.    The Common Threshold Issues Should Be Resolved in Michigan............7

            2.    The Balance of Conveniences Favors Transfer........................................9

            3.    Plaintiff's Choice of Forum Is Due Little or No Consideration.................9

III.  CONCLUSION .................................................................................................................10

DEFENDANT SHUTTERFLY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER
4:26-CV-01900-AMO

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Campbell-Ewald Co. v. Gomez*,
577 U.S. 153 (2016) ...................................................................................................................7

*Cardoza v. T-Mobile USA, Inc.*,
No. 08-5120 SC, 2009 WL 723843 (N.D. Cal. Mar. 18, 2009) ................................................ 8

*Carolina Cas. Co. v. Data Broad. Corp.*,
158 F. Supp. 2d 1044 (N.D. Cal. 2001) ................................................................................... 9

*Chavez v. Wynar*,
421 F. Supp. 3d 891 (N.D. Cal. 2019) ..................................................................................... 3

*Foster v. Nationwide Mut. Ins. Co.*,
No. C 07-04928, 2007 WL 4410408 (N.D. Cal. Dec. 14, 2007) ............................................ 10

*Garcia v. 3M Co.*,
No. C-09-01943 RMW, 2009 WL 3837243 (N.D. Cal. Nov. 16, 2009) ................................... 8

*Hall v. Smosh Dot Com, Inc.*,
72 F.4th 983 (9th Cir. 2023) ................................................................................................. 4, 5

*Homsy v. Bank of Am., N.A.*,
2013 WL 2422781 (N.D. Cal. June 3, 2013) ........................................................................... 3

*Howard v. Republican Nat'l Comm.*,
164 F.4th 1119 (9th Cir. 2026) ............................................................................................. 6, 7

*James v. Smarter Contact, Inc.*,
No. 8:25-cv-1657-KKM-SPF, 2026 WL 879244 (M.D. Fla. Mar. 31, 2026) .......................... 6

*Loper Bright Enters. v. Raimondo*,
603 U.S. 369 (2024) ................................................................................................................ 7

*Lou v. Belzberg*,
834 F.2d 730 (9th Cir. 1987) ................................................................................................. 10

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011) .................................................................................................. 3

*Nelson v. Americ LLC*,
No. 2:26-cv-04766 (C.D. Cal. May 2, 2026) ........................................................................... 1

DEFENDANT SHUTTERFLY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER
4:26-CV-01900-AMO

*Nelson v. Nat'l Ent. Collectibles Ass'n*,
  No. 2:26-cv-04999 (D.N.J. May 4, 2026) ................................................................................ 1

*Nelson v. Overbrook Life, LLC*,
  No. 1:26-cv-00374 (M.D.N.C. May 5, 2026) ........................................................................... 1

*Rombough v. Robert D. Smith Ins. Agency, Inc.*,
  2022 WL 2713278 (N.D. Iowa June 9, 2022) ........................................................................... 6

*Rules and Regulations Implementing the Telephone Consumer Protection Act of
  1991*,
  18 FCC Rcd. 14014 (2003) ....................................................................................................... 7

*Satterfield v. Simon & Schuster, Inc.*,
  569 F.3d 946 (9th Cir. 2009) ................................................................................................. 6, 7

*Silvers v. Verbata Inc.*,
  No. 2:21-cv-05808, 2021 WL 6882156 (C.D. Cal. Oct. 8, 2021) ....................................... 9, 10

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) .................................................................................................................. 5

*Stockdale v. Skymount Prop. Grp., LLC*,
  No. 1:25 CV 1282, 2026 WL 591842 (N.D. Ohio Mar. 3, 2026) .............................................. 7

*Taha v. Momentive Software, Inc.*,
  No. 8:25-cv-02330-DOC-JDE, 2026 WL 974297 (C.D. Cal. Mar. 11, 2026) ...................... 6, 7

**Statutes**

47 U.S.C. § 227(a)(4) ........................................................................................................................ 6

47 U.S.C. § 227(b) ............................................................................................................................ 7

47 U.S.C. § 227(b)(1)(A) ............................................................................................................. 6, 7

47 U.S.C. § 227(b)(1)(A)(iii) ............................................................................................................ 7

47 U.S.C. § 227(c)(5) .............................................................................................................*passim*

47 U.S.C. § 227(e) ............................................................................................................................ 6

**Other Authorities**

47 C.F.R. § 64.1200(c)(2) .................................................................................................................. 5

DEFENDANT SHUTTERFLY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER
4:26-CV-01900-AMO

## I.   __INTRODUCTION__

Plaintiff's Opposition confirms that this case must be dismissed. The Opposition does not dispute that 47 U.S.C. § 227(c)(5) grants a cause of action exclusively to a "person who has received more than one telephone call[.]" Yet the Complaint never alleges—and Mr. Nelson's own declaration now affirmatively negates—that he received the text messages at issue. Rather than address this dispositive statutory element, Plaintiff ignores it entirely in his Opposition. His supporting declaration, meanwhile, admits in plain language that he merely "personally viewed and read the Shutterfly text messages at issue in this lawsuit ***after they were received*** at the Number." Declaration of Justin Nelson ¶ 10 ("Nelson Decl.") (emphasis added). This is not receipt. It is after-the-fact review of someone else's messages, and it does not satisfy the statute. Plaintiff's silence on this point in briefing, coupled with his concession of non-receipt in his declaration, compels dismissal with prejudice for failure to state a claim.

The Opposition's standing argument reveals the true nature of this litigation[1] and provides a second reason this case must be dismissed. Plaintiff does not deny that the phone belongs to his wife. His declaration admits that Michele Nelson "regularly used the device associated with the Number." *Id.* ¶ 9. He does not deny that she described this same number as "her cell phone number" —indeed, her only phone number—in a contemporaneous filing in the Eastern District of Michigan. *See* Declaration of Tanya Greene ¶ 12, Ex. 10 ¶¶ 10, 12 ("Capital Vision"). Instead, Plaintiff retreats to the sole claim that he is the "subscriber and named account holder" for the Cricket Wireless account. Nelson Decl. ¶ 2. The reason for this litigation maneuver is clear. It is undisputed that Michele Nelson maintains an active Shutterfly account and agreed to a binding arbitration provision and class action waiver. *See* Declaration of Jennifer Broker ("Broker Decl.") ¶¶ 4–12, Ex. A at pp. 7–8. Plaintiff's opposition does not overcome the undisputed contractual relationship between

---

[1] Plaintiff and Michele Nelson have continued to extend their coordinated TCPA litigation campaign, filing three additional cases beyond the eight originally identified in Shutterfly's Motion. *See* Defendant Shutterfly, LLC's Motion to Dismiss or, in the Alternative, Motion to Transfer at 2 ("Mot."); *Nelson v. Americ LLC*, No. 2:26-cv-04766 (C.D. Cal. May 2, 2026) (same); *Nelson v. Nat'l Ent. Collectibles Ass'n*, No. 2:26-cv-04999 (D.N.J. May 4, 2026); *Nelson v. Overbrook Life, LLC*, No. 1:26-cv-00374 (M.D.N.C. May 5, 2026).

-1-

Shutterfly and the actual user of the phone. The implication is unmistakable: Mr. Nelson appears as the named plaintiff because Mrs. Nelson has waived her right to pursue a class action against Shutterfly. Plaintiff's "subscriber" theory of standing is not a vindication of any personal injury; it is a vehicle to circumvent binding contractual commitments that foreclose this lawsuit.

If the Court does not dismiss this case, it should be transferred to the Eastern District of Michigan. The Opposition does not meaningfully address the central considerations supporting transfer: The Nelsons' conflicting and irreconcilable claims about the phone number here raise key factual issues that should be decided one time, in a single court, and these issues have no connection to California. For example, Mr. Nelson's declaration attests under penalty of perjury that the account is "solely in my name," while Mrs. Nelson claims she is "the subscriber." *Compare* Nelson Decl. ¶ 3, *with* Capital Vision ¶ 8. He testifies that he "personally pay[s] the wireless bills associated with the Number," while Mrs. Nelson claims she "personally pays for her cell phone plan." *Compare* Nelson Decl. ¶ 4, *with* Capital Vision ¶ 13. And he concedes that "the Number was temporarily associated with" Mrs. Nelson's nonprofit business, while Mrs. Nelson claims that she "has never had her cell phone number associated with a business." *Compare* Nelson Decl. ¶ 12, *with* Capital Vision ¶ 14.

It would be a waste of scarce judicial resources for multiple courts to adjudicate the myriad legal and factual issues created by the contradictions in the Nelsons' litigation campaign. If this case proceeds, it should be adjudicated where the Nelsons reside, where the phone number originates, and where at least five of their related TCPA actions are already pending so that these overlapping issues can be resolved consistently in a single forum. No interest proffered by the Opposition for keeping the case in California outweighs this interest in judicial economy.

## II.    ARGUMENT

### A.    The Opposition Concedes that Plaintiff Has Failed to State a Claim.

The Complaint must be dismissed because it does not allege that Plaintiff received the text messages at issue. The private right of action under 47 U.S.C. § 227(c)(5) extends only to "[a] person who has received more than one telephone call within any 12-month period" in violation of Federal

-2-

Communications Commission ("FCC") regulations. Receipt is a statutory element, not a formality. The Complaint nowhere alleges that Plaintiff received any message from Shutterfly; it alleges only that Shutterfly "delivered, or caused to be delivered, text messages to telephone number (517) 769-XXXX." Compl. ¶ 17. As Shutterfly explained in its opening brief, this bare allegation of delivery is insufficient to satisfy the statute's receipt requirement.

The Opposition does not respond to this argument. It contains no section addressing this statutory requirement, offers no case law suggesting that after-the-fact review satisfies Section 227(c)(5), and makes no attempt to explain how the Complaint's passive-voice allegation of "deliver[y]" equates to personal receipt. The Opposition's standing section is irrelevant to this issue. *See, e.g., Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) ("the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim"). A plaintiff's failure to address a ground for dismissal in an opposition brief constitutes a concession of that argument. *See, e.g., Chavez v. Wynar*, 421 F. Supp. 3d 891, 909 (N.D. Cal. 2019) ("The Court construes Plaintiffs' lack of response as an abandonment of Plaintiffs' . . . claims."); *Homsy v. Bank of Am., N.A.*, 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013) ("In instances where a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice."). Plaintiff's silence is dispositive.

This concession is confirmed by Mr. Nelson's own declaration, which states: "I personally viewed and read the Shutterfly text messages at issue in this lawsuit ***after they were received*** at the Number." Nelson Decl. ¶ 10 (emphasis added). This sentence is a direct admission of non-receipt. It draws a temporal and functional distinction between the act of receiving the messages (which Mrs. Nelson did at some prior point) and Plaintiff's later act of viewing and reading them. The statute requires the former; Plaintiff offers only the latter, and this is not enough. If after-the-fact review of another person's messages satisfies Section 227(c)(5), then anyone who picks up another person's phone and sees their texts would be a statutory "recipient" empowered to file suit—a result that would expand the private right of action far beyond anything Congress intended or the statute allows. Because this defect cannot be cured, the case must be dismissed with prejudice.

-3-

### B.    Plaintiff Lacks Standing, and the Court Should Not Extend Precedents Aimed at Protecting Privacy Interests to Cover the Nelsons' Bad Faith.

Plaintiff lacks Article III standing because he does not own the phone at issue, did not receive the text messages, and suffered no invasion of his own privacy. His sole claim to standing—that he is the "subscriber and named account holder" for a Cricket Wireless account, Nelson Decl. ¶ 2—is a billing designation, not a cognizable injury. Because Plaintiff cannot demonstrate a concrete, particularized harm traceable to the challenged messages, his Complaint must be dismissed.

The Opposition rests on *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983 (9th Cir. 2023), but *Hall* is distinguishable in every material respect. The Ninth Circuit's holding was explicit: "the ***owner and subscriber*** of a phone number listed on the Do-Not-Call Registry suffers an injury in fact when their phone receives text messages in alleged violation of the TCPA." *Id.* at 989 (emphasis added). That holding rested on three key facts: (1) Hall was both the "owner and subscriber" of the phone; (2) she personally placed its number on the Do-Not-Call Registry; and (3) she allowed her child to use the phone only "at times," indicating shared or supervised use. *Id.* at 986–88.

Plaintiff alleges none of these facts. He does not claim in his declaration that he owns the phone, and the Nelsons' prior complaints establish that the phone belongs to his wife. *See, e.g.,* Capital Vision ¶¶ 10, 12. He does not allege that he registered the number on the Do-Not-Call Registry as a step towards establishing his own protected privacy interest; the Complaint states only that the number "has been registered" by the prior owner. Compl. ¶ 16. And this is not a case of shared or supervised use of a single device by a parent and minor child. The Nelson Declaration concedes that "my wife, Michele Nelson, regularly used the device associated with the Number" and that Plaintiff merely "also accessed" it. Nelson Decl. ¶ 9. This access to another adult's cell phone—which Mrs. Nelson described as "her cell phone number" and her only phone, Capital Vision ¶¶ 10, 12—is nothing like the circumstance at issue in *Hall*.

The Opposition's central argument—that Plaintiff has standing because he is the "subscriber and named account holder"—misreads *Hall*. The court's use of the conjunctive "owner ***and*** subscriber" was not accidental; it reflected the undisputed fact that Hall owned the phone, used it as her own, ***and*** was the subscriber. *Id.* at 986–87, 991. Plaintiff, by contrast, claims only subscriber

-4-

status. But being the named account holder on a wireless billing account—the person whose name appears on the paperwork—does not by itself give rise to the type of concrete, particularized injury that Article III requires. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). Paying a phone bill does not mean the messages invaded Plaintiff's privacy or disturbed his solitude.

*Hall* is not binding and the Court should not extend it to this case. Doing so offers a roadmap for precisely the kind of abuse and evasion that the Nelsons are undertaking here. It is undisputed that Mrs. Nelson maintains an active Shutterfly account and agreed to binding arbitration and a class action waiver. Mr. Nelson's appearance as the named plaintiff is not a vindication of his own privacy interests; it is a transparent mechanism to avoid Mrs. Nelson's contractual obligations to Shutterfly. If "subscriber" status alone confers standing in the absence of ownership or receipt of the calls at issue, any family member could evade another's binding arbitration agreement and class action waiver by claiming to be the billing-account subscriber for a phone that received the messages. That is not what *Hall* held and there is no suggestion the legislature intended this result; subscriber status alone does not meet the requirements of Article III. Mr. Nelson suffered no injury and, accordingly, the case must be dismissed.

### C.    Plaintiff Did Not Adequately Plead Registration of the Phone Number.

The Motion establishes that 47 C.F.R. § 64.1200(c)(2) limits the private right of action to a subscriber who personally registers his or her number on the National Do-Not-Call Registry. The Complaint does not allege that Plaintiff registered the number, marking another fatal defect.

The Opposition argues that because a Do-Not-Call registration is "honored indefinitely" under Section 64.1200(c)(2), the regulation's protections automatically extend to all subsequent subscribers. *See* Opp. at 20. This argument conflates the *duration* of a registration with the *identity* of the person it protects. The "honored indefinitely" clause governs how long a registration remains active—it says nothing about whether a subsequent subscriber who never registered the number may invoke the regulation's private right of action. On this point, the regulation is explicit—the private right of action extends only to a "subscriber who has registered his or her telephone number." 47 C.F.R. § 64.1200(c)(2). Plaintiff's interpretation strips these words of their clear meaning in

DEFENDANT SHUTTERFLY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER
4:26-CV-01900-AMO

violation of established canons of construction.

Next, the Opposition contends it is "impossible" to re-register a number that is already on the Registry. Opp. at 19–20. This is incorrect. In *Rombough*, the court found that a subscriber was able to register an already-registered number through both the FTC's website and toll-free phone line and received confirmation of the registration. *See Rombough v. Robert D. Smith Ins. Agency, Inc.*, 2022 WL 2713278, at *4 (N.D. Iowa June 9, 2022). The court further noted that the FTC's own website and phone registration systems "emphasize the need for 'you' to register 'your new number' when obtaining a new telephone number," suggesting that re-registration is both possible and expected. *Id*. It imposes no burden on a subscriber who re-registered their number to attest that they did so, particularly when the process generates confirmation.

The Motion addresses the remainder of the arguments in the Opposition on this issue.

**D.    Text Messages Are Not Telephone Calls Under Section 227(c)(5).**

Section 227(c)(5) provides a private right of action only for telephone calls. As explained in the Motion, Congress drew a clear textual line between telephone calls, calls, and text messages elsewhere in the statute—for example, using "call or message" in Section 227(a)(4), "any call" in Section 227(b)(1)(A), and "voice service or text messaging service" in Section 227(e)—yet confined the (c)(5) remedy to "telephone call[s]." That deliberate choice excludes text messages from the scope of the provision. The Opposition's counterarguments fail for three reasons.

*First*, Plaintiff's reliance on *Satterfield* and *Howard* is misplaced. Both decisions interpreted the word "call" as it appears in Section 227(b)(1)(A)—a provision that uses the broad, unmodified term "any call." *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009); *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119, 1124 (9th Cir. 2026). Section 227(c)(5) uses the compound noun "telephone call," in which "telephone" narrows the meaning to voice communications, a distinction not addressed in the *Howard* decision. *See James v. Smarter Contact, Inc.*, No. 8:25-cv-1657-KKM-SPF, 2026 WL 879244, at *3–5 (M.D. Fla. Mar. 31, 2026) (explaining that in Section 227(c)(5), "call" functions as a noun modified by "telephone," not as a standalone verb). The Opposition's principal authority, *Taha v. Momentive Software, Inc.*, No. 8:25-cv-02330-

-6-

DOC-JDE, 2026 WL 974297 (C.D. Cal. Mar. 11, 2026), does not alter this analysis. *Taha* simply declared that *Howard* and *Satterfield* apply to "the TCPA" broadly without engaging the textual distinctions between Section 227(b)(1)(A) and Section 227(c)(5). *See id.* at *3.

*Second*, the Opposition's invocation of *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), is equally unavailing. The Supreme Court's passing reference to text messages in that case addressed Section 227(b)(1)(A)(iii)—not Section 227(c)(5)—and was not part of the Court's holding, which concerned mootness. That aside carries no interpretive weight. *Id.* at 156.

*Third*, the Opposition's reliance on the FCC's 2003 Order fares no better. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003). That Order addressed only whether text messages fall within the automated-dialer and prerecorded-message prohibitions of Section 227(b) as applied to cellular telephones; it did not purport to interpret the phrase "telephone call" in Section 227(c)(5). *See id.* In any event, whatever deference that agency interpretation might once have commanded under *Chevron* is no longer available. The Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), made clear that courts must exercise independent judgment in interpreting statutes. Numerous courts conducting that independent analysis post-*Loper Bright* have concluded that the FCC's Order should not be given deference. *See* Mot. at 17.

Finally, Plaintiff's policy arguments cannot override the statute's plain language. "[I]f the plain language is not giving effect to Congress's intent, it is for Congress to correct—not the courts." *Stockdale v. Skymount Prop. Grp., LLC*, No. 1:25 CV 1282, 2026 WL 591842, at *4 n.7 (N.D. Ohio Mar. 3, 2026).

### E.    If the Court Does Not Dismiss, This Action Should Be Transferred.

#### 1.    The Common Threshold Issues Should Be Resolved in Michigan.

The Opposition concedes that Plaintiff "could have brought the case in Michigan" and that Plaintiff is a resident of that state. Opp. at 24, 28. It offers the Court no reason to waste its scarce resources untangling the Nelsons' contradictions when multiple other cases involving the issues are being litigated in Michigan and, in most cases, are farther along in their proceedings.

-7-

For example, the Motion presented evidence that the phone number at issue has been used for business purposes, and Mr. Nelson's declaration confirms this fact: "At one point, the Number was temporarily associated with Jackson County Hands United, a nonprofit organization." Nelson Decl. ¶ 12. He then offers the post-hoc explanation that "[a]ny association between the Number and the nonprofit organization was incidental and temporary and was not done by myself or Ms. Nelson." *Id.* ¶ 14. In other words, rather than refuting the business-use evidence, Mr. Nelson offers precisely the sort of belated explanation that, even if credited, would need to be tested against an identical evidentiary record already before the Michigan courts. *Cf.*, *e.g.,* Greene Decl. ¶¶ 6-7, 9, Exs. 4-5, 7 (collecting cases involving the allegation that Plaintiff "has never had this cell phone number associated with a business.").

The same is true with respect to Mr. Nelson's attestation under the penalty of perjury that the telephone account is "solely in [his] name" and that he "personally pay[s] the wireless bills associated with the Number." Nelson Decl. ¶¶ 3–4. The complaints filed in the Eastern District of Michigan on behalf of his wife relating to the same phone number tell a completely different story. *Cf.* Greene Decl. ¶ 12, Ex. 10 ¶ 8 (Mrs. Nelson alleging that she is the subscriber of the phone number at issue); *id.* ¶ 12, Ex. 10 ¶ 13 (Mrs. Nelson alleging that she personally pays for her cell phone plan relating to the phone number at issue).

Should this Court decline to dismiss, the common factual questions between the claims at issue in this case and the five other TCPA actions filed on behalf of the Nelsons in the Eastern District of Michigan are best resolved once, in a single forum, rather than piecemeal across multiple federal courts. *See Cardoza v. T-Mobile USA, Inc.*, No. 08-5120 SC, 2009 WL 723843, at *5 (N.D. Cal. Mar. 18, 2009) (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) (permitting cases "involving precisely the same issues" to proceed "in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.")); *Garcia v. 3M Co.*, No. C-09-01943 RMW, 2009 WL 3837243, at *5 (N.D. Cal. Nov. 16, 2009) (holding that, even absent consolidation with a case pending in the transferee court, consideration of the "practicalities of making the trials easy, expeditious and economical" weighed in favor of transfer).

DEFENDANT SHUTTERFLY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER
4:26-CV-01900-AMO

This factor strongly favors transfer; no other factor can outweigh it.

### 2.    The Balance of Conveniences Favors Transfer.

The Motion establishes that the Eastern District of Michigan is the more convenient forum for everyone involved. The Nelsons live there, are litigating five other TCPA cases there, and have no other connection to California or this District. Mot. at 18 (citing Greene Decl. ¶¶ 6-7, 9, 12-13, Exs. 4-5, 7, 10-11). The Opposition falsely asserts that Shutterfly "identifies no non-party witness located in Michigan." Opp. at 27. Mrs. Nelson resides there. *See* Capital Vision ¶ 6.

Moreover, Jennifer Broker—the Senior Director of Global CRM and Marketing Technology at Shutterfly, who oversees the company's SMS/text message marketing and communications—is based in and works out of Chicago, Illinois. Broker Decl. ¶¶ 1, 13. And the SMS/text message marketing team that she leads at Shutterfly "is not based in the Northern District of California." *Id.* ¶ 13. Thus, none of the individuals with the most direct knowledge of the challenged marketing communications are in California, and Shutterfly's relevant business records are maintained digitally, not in any physical format tied to any particular location. Broker Decl. ¶ 14.

In response, the Opposition identifies *zero* party or non-party witnesses located in the Northern District of California. Instead, Plaintiff speculates that "[r]elevant corporate witnesses concerning Shutterfly's telemarketing practices, consent procedures, vendor relationships, marketing campaigns, compliance policies, databases, and text-message systems are all *likely* located within or controlled from Defendant's California headquarters." Opp. at 28 (emphasis added). This speculation is directly contradicted by the Broker Declaration, which the Opposition does not cite or mention. Plaintiff's failure "to identify a single witness likely to testify who resides in the Northern District . . . strongly favors transfer." *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001). The balance of convenience weighs in favor of transfer.

### 3.    Plaintiff's Choice of Forum Is Due Little or No Consideration.

The Opposition (ironically) devotes nearly two pages to accusing Shutterfly of forum shopping and invokes an inapposite case, *Silvers v. Verbata Inc.*, No. 2:21-cv-05808, 2021 WL 6882156 (C.D. Cal. Oct. 8, 2021), to support that misleading proposition. Opp. at 26–27. *Silvers*

DEFENDANT SHUTTERFLY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER
4:26-CV-01900-AMO

involved a defendant that had initially argued *against* California jurisdiction—insisting the case "has everything to do with California and virtually nothing to do with Florida"—and then, after receiving an unfavorable arbitration award *in California*, sought to transfer the case *out* of California. *Id.* at *4. The court found evidence of forum shopping because the defendant's transfer request directly contradicted its own prior representations. *Id.* Here, Shutterfly has never disputed that California is a proper venue—its position is that transfer will conserve scarce judicial resources because Michigan is already hosting related litigation involving the same plaintiff and issues, and is more convenient given where the parties, witnesses, and related litigation are located.

Plaintiff's broader theory—that Shutterfly seeks transfer to "escape controlling Ninth Circuit authority"—is equally unavailing. Opp. at 26. Shutterfly has not asked this Court to disregard Ninth Circuit law; it has asked this Court to apply it and dismiss the case. The transfer motion is offered *in the alternative*. That a party advances arguments in the alternative does not transform a convenience motion into forum shopping. Especially where, as here, the case has direct ties to Michigan, and that state has a strong local interest in adjudicating the matter.

The Opposition ignores the authority establishing that Plaintiff's forum choice is entitled little to no weight in this context. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is ***generally*** accorded [to] plaintiff's choice of forum, … ***when an individual … represents a class***, ***the [] plaintiff's choice of forum is given less weight***.") (emphasis added); *see also Foster v. Nationwide Mut. Ins. Co.*, No. C 07-04928, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007) (where there is evidence of forum-shopping the court should "disregard plaintiff's choice of forum."). Plaintiff offers no response to this authority and instead misleadingly cites to a general standard distinguished by the court in *Belzberg*. *See* Opp. at 25 (citing *Byler v. Deluxe Corp.*, 222 F. Supp. 3d 885, 904 (S.D. Cal. 2016)). Plaintiff's choice of forum is entitled to little or no weight.

## III.     <u>CONCLUSION</u>

Shutterfly respectfully requests that the Court dismiss the Complaint with prejudice or, in the alternative, transfer this action to the Eastern District of Michigan.

DEFENDANT SHUTTERFLY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER
4:26-CV-01900-AMO

May 27, 2026                              **DLA PIPER LLP (US)**

                                  By: */s/ Tanya L. Greene*
                                      TANYA L. GREENE
                                      JOHN FRANTZ, *Pro Hac Vice*
                                      DAVID B. FARKAS
                                      CARLO F. BUSTILLOS

                                      *Attorneys for Defendant*
                                      *SHUTTERFLY, LLC*

DEFENDANT SHUTTERFLY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER
4:26-CV-01900-AMO

## CERTIFICATION RE ARTIFICIAL INTELLIGENCE

Pursuant to the Court's Standing Order regarding the use of artificial intelligence, the undersigned certifies that (1) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw and LexisNexis; (2) every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

DATED: May 27, 2026                              **DLA PIPER LLP (US)**

                                   By: */s/ Tanya L. Greene*
                                       TANYA L. GREENE
                                       JOHN P. FRANTZ, *Pro Hac Vice*
                                       DAVID B. FARKAS
                                       CARLO F. BUSTILLOS

                                       *Attorneys for Defendant*
                                       *SHUTTERFLY, LLC*

DEFENDANT SHUTTERFLY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER
4:26-CV-01900-AMO